GUILLERMO, RAFAELA y JOSÉ CONDE, demandantes y apelados, *v.* MUNICIPIO DE PONCE, demandado y apelado.

No. 6367.—*Sometido:* Marzo 8, 1934. *Resuelto:* Mayo 31, 1935.

*R. Atiles Moréu,* abogado del apelante; *Fernando Zapater,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Esta apelación la interpuso el municipio de Ponce contra sentencia que lo condena a pagar a los demandantes cierta cantidad de dinero como indemnización.

La demanda la interpusieron los tres hijos de Juan Conde Toro alegando que su padre fué enterrado en el cementerio perteneciente al municipio de Ponce; que compraron a dicho municipio el terreno en que fué enterrado su padre, en cuyo sitio pusieron una cerca de madera y una cruz; y que posteriormente, en mayo de 1930, el municipio de Ponce por medio de sus empleados abrió y permitió que se abriera la sepultura donde yacían los restos de Juan Conde, permitiendo que se enterrara en dicha sepultura el cadáver de otra persona, sin consentimiento de los demandantes, pro-

fanando de ese modo aquella tumba y los restos del padre de los demandantes, por lo que alegaron haber sufrido perjuicios cuyo pago reclamaron.

Uno de los motivos alegados por el apelante para sostener este recurso es que la sentencia condenatoria es contraria a la prueba.

En el juicio se probó que Juan Conde Toro murió en la tarde del 2 de diciembre de 1915, siendo enterrado al día siguiente en el cementerio de Ponce perteneciente al municipio demandado; que en enero del año siguiente, 1916, los hijos de Juan Conde compraron al municipio de Ponce por $2 un lote de terreno de dos metros cuadrados en dicho cementerio, que fué deslindado, en el que estaba enterrado su padre, y colocaron en dicho sitio una verja de madera y una cruz también de madera con un cuadrito con un cristal que tenía la fecha de fallecimiento de Juan Conde Toro, diciendo en la parte de abajo "PROPIEDAD"; que los demandantes iban algunas veces al cementerio a la tumba de su padre y que el día 2 de noviembre de 1930, que es el dedicado a los muertos, la hija del demandante fué al cementerio y encontró que la verja y la cruz de la tumba de su padre no estaban en aquel sitio y había en su lugar otra cruz en la que se decía "Francisca Arroyo, julio 15, 1930," quien efectivamente falleció en esa fecha. No se presentó evidencia alguna para probar que en mayo de 1930, según dice la demanda, ni en fecha alguna los empleados del municipio abrieron y permitieron que se abriera la sepultura de Juan Conde; tampoco hubo evidencia de que esa sepultura fuera abierta y de que en ese sitio fuese enterrada alguna persona, pues aunque los demandantes declararon que había sido inhumada otra persona no dijeron haber visto tal cosa. La prueba del municipio demostró que tiene encargada del cementerio una persona instruída e inteligente, quien nunca supo de los hechos alegados por los demandantes.

En resumen, no se probó que los empleados del municipio demandado exhumaran los restos de Juan Conde ni que

ellos quitaran la verja y la cruz que allí había; ni siquiera que tal exhumación fué hecha por persona alguna ni que en el terreno comprado por los demandantes fuera enterrada Francisca Arroyo, pues aunque la cruz con su nombre fué puesta en ese sitio por alguien, tal hecho no es prueba concluyente de que fué enterrada allí. Ni siquiera se trató de probar por los parientes de Francisca Arroyo o por personas que asistieron a su entierro que fué enterrada en ese sitio.

*La sentencia apelada debe ser revocada y dictarse otra absolutoria.*